In re WM. CARGILE CONTRACTOR, INC., Debtor.

Norman SLUTSKY, Trustee, Plaintiff,

v.

The CITY OF CINCINNATI, Defendant and Third Party Plaintiff,

v.

BARRETT PAVING MATERIALS, et al., Third–Party Defendants.

Bankruptcy No. 1–92–04791.
Adversary No. 94–1098.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 31, 1996.

See also: 151 B.R. 854.

Robert G. Sanker, Michael L. Scheier, Cincinnati, OH, for Plaintiff.

Grady L. Pettigrew, Columbus, OH, for USF & G.

John J. Williams, Assistant City Solicitor, Cincinnati, OH.

## DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding arises in a bankruptcy case in which the debtor originally filed under Chapter 11 but subsequently converted its case to Chapter 7. The debtor had been engaged in the construction business. Plaintiff in the present adversary proceeding is the Chapter 7 trustee of the debtor. That trustee here seeks to recover from the defendant City of Cincinnati, the sum of $124,065.28 (the "Fund") in connection with a project (the "Project") which debtor had undertaken pursuant to a construction contract (the "contract") with the City. The City then filed a third-party complaint naming as third-party defendants, all of the subcontractors on the Project which had been the subject of the contract between debtor and the City. The purpose of the City in its third-party complaint is to bring into the action unpaid subcontractors who it believes may have a claim against the Fund.

United States Fidelity & Guaranty Company ("USF & G") then moved to intervene in the proceeding and to answer as a third-party defendant. USF & G says that it has paid the subcontractors on the Project, and contends that it has a superior right to the plaintiff trustee to the Fund.

USF & G filed a motion for summary judgment in support of its contention, and plaintiff trustee filed a cross-motion for summary judgment. It is these cross-motions which are now before the court.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A) and (E).

We find the following facts. Debtor filed its Chapter 11 case in bankruptcy on September 18, 1992. The case was converted to one under Chapter 7 on November 29, 1993. On March 16, 1992, debtor entered into the contract with the City of Cincinnati for the Project known as the Main Street Street–Scape Phase 1 Project. USF & G bonded the Project by means of a performance bond issued to the debtor. Debtor, however, did not pay all of its subcontractors. Those subcontractors looked to USF & G for payment pursuant to the bond. The exhibits in the record show that USF & G paid 15 of the 16 subcontractors on the project, all of the subcontractors except for Laborer's International Union named by the City as third-party defendants. The payments by USF & G to subcontractors exceeded the amount here in controversy.

On these facts, competing claims to the fund now in escrow are asserted by on the one hand, USF & G which asserts that it is entitled to payment to it of the Fund to reimburse it for its payments to subcontractors, and on the other hand, the trustee in bankruptcy, who contends that he is entitled to payment of the Fund into the estate for the benefit of all unsecured creditors. We have concluded that the cross-motion of the trustee for summary judgment should be

granted, and the motion of USF & G for summary judgment denied.

Motions for summary judgment are governed by F.R.Civ.P. 56, which is incorporated into bankruptcy practice by F.R.B.P. 7056. That rule provides in part that a motion for summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

Our conclusion in favor of the plaintiff/trustee is reached primarily by reference to *In re Construction Alternatives, Inc.,* 2 F.3d 670 (6th Cir.1993). The court in *Construction Alternatives* summarized the facts before it as follows:

> In the case at bar, it is undisputed that the work on the project was complete at the time that CA petitioned for bankruptcy. There were several bookkeeping and administrative matters, pursuant to state law and CA's contract with the School District, to be completed and several subcontractors to be paid, but CA owed nothing to the School District, and therefore, no payments to the School District were required or other expenses incurred to perfect CA's claim to the final progress payment. Thus, we conclude that CA had earned the right to receive its final progress payment, . . .

The facts in the case before us are essentially the same. It is undisputed that the work on the Project is complete. Virtually all subcontractors have been paid. (That they have been paid by USF & G pursuant to its bond obligations is immaterial for the purpose of determining completion of the Project.) The legal conclusion which inevitably follows from these facts is that the final payment pursuant to the contract on the Project is property of the estate as that term is defined at 11 U.S.C. § 541. Once this conclusion is reached, it follows that the Fund must be turned over to the trustee for distribution to creditors. This conclusion is fatal to the position of USF & G, for it is indispensable to the position of USF & G that the Fund be held not to be a part of the bankruptcy estate.

■ USF & G argues for a different result primarily on the basis that the contract required that debtor pay its subcontractors and provide proof thereof to the City before it could collect the final payment. The contract gave the City the right to withhold payment to the extent necessary to satisfy unpaid subcontractor claims. As a basic authority to support its position, USF & G relies upon *In re Design International Ohio Corp.,* Case No. 1–92–00642 (Bankr.S.D.Ohio filed September 14, 1994), an unreported decision of this court, a decision in which the court did indeed reach the conclusion that the bonding company was entitled to receive the final payment from the owner. *Design International,* however, is distinguishable from the present case just as that case was distinguished by the court in its decision from *Construction Alternatives.* One fact which distinguishes *Design International* is that debtor/contractor was not entitled to final payment because "all bills for materials and supplies had not been paid or satisfied" while here such bills have been paid or satisfied. Another distinction, the preeminent one, is that this court distinguished *Design International* from *Construction Alternatives* because in *Design International* the contract provided for a retainage. (p. 11.) In like manner, *Design International* is distinguishable from the case at hand, for here there is no provision for a retainage.

■ Above we have concluded that the final payment here in issue is property of the estate to be devoted to the payment of all unsecured creditors, and that the argument of USF & G to the contrary is unmeritorious. We note that USF & G advances a second part to its argument. USF & G argues that had it succeeded in its argument that the Fund was not property of the estate, the Fund should be paid to it as subrogee to the position of the City. The position of USF & G in this respect is unsound. It is based primarily upon *Pearlman v. Reliance Insurance Co.,* 371 U.S. 132, 83 S.Ct. 232, 9

L.Ed.2d 190 (1962). Again, the distinction made by the Sixth Circuit in *Construction Alternatives*, that the contract in *Pearlman* provided for a retainage while that in *Construction Alternatives* did not, defeats the claim of USF & G here. There is no provision in the contract between debtor and the City for a retainage. We observe further that the concept of subrogation involves placing the subrogee (USF & G) in the position of the subrogor (the City). What the City had by contract was an option to pay subcontractors; it had no duty to do so, nor did it do so. USF & G paid subcontractors because it had a duty to do so. That duty arose because of the bond into which it entered. Because the City had no duty to pay subcontractors and did not pay them, placing USF & G in the position of the City by subrogation can gain it nothing.

■ While the foregoing discussion suffices to dispose of the cross-motions before us, we will in passing comment upon two positions advanced by plaintiff/trustee. First, the trustee argues that USF & G is barred by res judicata from the present litigation. The trustee bases his position in this regard upon a holding by this court in an earlier adversary proceeding, *United States Fidelity and Guarantee Co. v. William Cargile Contractors, Inc., et al.*, Adv. No. 93–1023 (July 20, 1993). To support his position, plaintiff attached as an exhibit to his cross-motion for summary judgment, the complaint in that proceeding and also our Decision on Motion to Dismiss of Fifth Third Bank ("the prior Decision").

■ The elements of res judicata are:

1. A final decision on the merits by a court of competent jurisdiction;

2. A subsequent action between the same parties or their privies;

3. An issue in the subsequent action which was litigated or which should have been litigated in the prior action; and

4. An identity of the causes of action.

*Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995), citing *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir.1992).

■ In the prior Decision, the court observed that there were two categories of counts. The first category dealt with alleged subrogation rights arising from its bonding of construction contracts. The second category of counts related to a dispute between USF & G and the Fifth Third Bank regarding entitlement to a $325,000.00 fund held by the Bank. The prior Decision decided a motion brought by the Fifth Third Bank regarding the $325,000.00 fund. It cannot be said from the prior Decision that there was any disposition regarding the first category of counts, and it is only those counts which might be said to relate to those before us here. This court therefore cannot say that there was a prior final decision on the merits of the controversy here presented to the court in the prior Decision. We therefore cannot conclude that USF & G's position is precluded by res judicata. The second position advanced by the trustee is that USF & G does not have standing to pursue the present litigation. We reject this summarily, for clearly, upon satisfying the claims of subcontractors, USF & G became subrogated to their rights. This action conferred upon USF & G an economic interest sufficient to confer standing upon them to pursue this litigation.

It follows from the foregoing that the cross-motion of the plaintiff/trustee for summary judgment should be granted, and that of USF & G denied. It follows further that USF & G as subrogee of unsecured subcontractors is entitled to present a claim as an unsecured creditor in the bankruptcy case.

### JUDGMENT ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

Intervenor United States Fidelity & Guaranty Company ("USF & G") having moved for summary judgment, and plaintiff/trustee having cross moved for summary judgment, and said motions having come on for consideration by the court, Honorable Burton Perlman, United States Bankruptcy Judge, presiding, and the issues having been duly considered and a decision having been rendered,

It is Ordered and Adjudged that the motion for a summary judgment of USF & G is

denied and a cross-motion of plaintiff/trustee for summary judgment is granted.